**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy                    12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** | | |
|  | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Janet**<br>First name | <br>First name |
|  |  | **M.**<br>Middle name | <br>Middle name |
|  | Bring your picture identification to your meeting with the trustee. | **Sedlock**<br>Last name and Suffix (Sr., Jr., II, III) | <br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-5039 | |

Debtor 1   **Janet M. Sedlock**                                                                 Case number *(if known)*

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>Business name(s)<br><br>EINs | ☐ I have not used any business name or EINs.<br><br>Business name(s)<br><br>EINs |
| **5. Where you live** | **15517 Nelson Road**<br>**Woodstock, IL 60098-9522**<br>Number, Street, City, State & ZIP Code<br><br>**McHenry**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>Number, Street, City, State & ZIP Code<br><br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

Debtor 1    **Janet M. Sedlock**                                                                Case number *(if known)*

---

| Part 2: | **Tell the Court About Your Bankruptcy Case** |

**7.    The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

---

**8.    How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.    Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10.    Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☐ No
- ■ Yes.

| Debtor | **David P. Sedlock** | Relationship to you | **Spouse (Husband)** |
|---|---|---|---|
| District | **Northern District of Illinois (Rockford)** | When **3/14/16** | Case number, if known **16-80607** |
| Debtor | _____ | Relationship to you | _____ |
| District | _____ | When _____ | Case number, if known _____ |

---

**11.    Do you rent your residence?**

- ■ No.    Go to line 12.
- ☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

  - ☐    No. Go to line 12.
  - ☐    Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Debtor 1    **Janet M. Sedlock**                Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ **No.**    Go to Part 4.

☐ **Yes.**    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ **No.**    I am not filing under Chapter 11.

☐ **No.**    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ **No.**

☐ **Yes.**

What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1   **Janet M. Sedlock**

Case number *(if known)*

**Part 5:**   Explain Your Efforts to Receive a Briefing About Credit Counseling

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Janet M. Sedlock**                                                                Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ No. Go to line 16b.

☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

■ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

☐ No.    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Janet M. Sedlock**
_____    _____
**Janet M. Sedlock**                                                      Signature of Debtor 2
Signature of Debtor 1

Executed on    **May 18, 2017**                              Executed on    _____
                          MM / DD / YYYY                                                          MM / DD / YYYY

Debtor 1    **Janet M. Sedlock**                                             Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ J. Kevin Benjamin ARDC #:**                    Date    **May 18, 2017**
Signature of Attorney for Debtor                              MM / DD / YYYY

**J. Kevin Benjamin ARDC #:**
Printed name

**Benjamin Legal Services, PLC**
Firm name

**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**
Number, Street, City, State & ZIP Code

Contact phone    **(312) 853-3100**          Email address    **attorneys@benjaminlaw.com**

**6202321**
Bar number & State

---

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Janet M. Sedlock** _____    Case No. _____
                                                                    Debtor(s)    Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,500.00** |
| Prior to the filing of this statement I have received | $ | **2,500.00** |
| Balance Due | $ | **0.00** |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor    ■ Other (specify):    **Debtors Husband**

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included and therefore are excluded.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **May 18, 2017** _____ | **/s/ J. Kevin Benjamin ARDC #:** |
| _Date_ | **J. Kevin Benjamin ARDC #: 6202321** |
| | _Signature of Attorney_ |
| | **Benjamin Legal Services, PLC** |
| | **1016 W. Jackson Boulevard** |
| | **Chicago, IL 60607-2914** |
| | **(312) 853-3100   Fax: (312) 577-1707** |
| | **attorneys@benjaminlaw.com** |
| | _Name of law firm_ |

# BENJAMIN | BRAND | LLP

10/02/2016

### *PRE-PETITION ATTORNEY CLIENT RETAINER AGREEMENT FOR CHAPTER 7 RELATED SERVICES*

This Agreement is executed between Benjamin | Brand | LLP, a Florida Limited Liability Partnership headquartered in Chicago, Illinois ("Firm" or "Attorney" meaning the law firm its staff and attorneys), and the undersigned ("Client"), whether one or more parties individually or jointly, (and collectively the "Parties"). In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. Attorney may disclose to both spouses any facts disclosed by either spouse. Client has been advised to close or draw down any financial account at an entity to which Client owes or may owe money. Client has received a free consultation with no obligation to retain Attorney or to proceed to file a Chapter 7 bankruptcy petition ("petition for relief"). The Parties agree that any prior consultation time is now part of the legal services that have been performed and that any advice given at the initial consultation(s) is/was preliminary and based upon information provided by Client and facts available to Attorney at that time and Attorneys advice may change as the facts and circumstances are further analyzed, more facts discovered, or Clients circumstances or the laws change.

Client authorizes Attorney, at their sole discretion and at Attorneys expense, to hire other Attorneys to act in their behalf regarding attendance at 341 meetings, court appearances and/or bankruptcy hearings. More then one attorney and staff may work on this matter. Further, the Parties agree that the Attorney may retain other attorneys as consultants on matters related to this Agreement, and Client agrees to compensate these attorneys for services rendered on Client's behalf at the rates set forth in this Agreement, provided that no services shall be performed by any other outside attorney without the prior written consent of Client to the employment of any other attorney unless otherwise stated in this Agreement.

In the event Attorney commences litigation to collect any fees and expensed incurred on behalf of Client, or otherwise undertakes to enforce this agreement due to any breach of it by Client, then Client agrees to pay such legal fees and expenses and Client will be responsible for all costs associated with enforcing the terms of this agreement including but not limited to additional attorney fees and costs.

In the event Attorney agrees in writing to file a petition without full payment and if a petition for relief is in fact filed. Client is advised that Client will no longer be legally obligated to pay the balance of any unpaid fees or costs as any such unpaid fees or costs not paid to Attorney before or at the filing of a petition for relief may be discharged in the Chapter 7 filing and thus may not be collected by Attorney. In such event, after the bankruptcy petition is filed Client may sign a second post filing retainer agreement promising to pay unpaid fees or new fees for the remainder of Attorney representation in any filed Chapter 7 petition in consideration of services to be performed by Attorney after a petition is filed. Client has been advised that Client is under no obligation to sign any new retainer agreement and can freely refuse to sign any such agreement. It is further understood that in such an event Attorney reserves the right to withdraw representation in the event Client does not sign a post filing retainer agreement with Attorney immediately after the filing of the petition or upon request of Attorney, that sets forth the new retainer amount and states Clients promise to pay said fees and/or in the event that Client does not pay said fees or post filing costs or expenses, if any.

Now for and in consideration of the mutual promises and obligations exchanged herein under this Agreement, the Parties agree to as follows:

**1.      Payment Term and Term of Pre-Filing Representation.**      The Initial Retainer quote ensures Attorney's availability to advise and consult with Client or to perform legal services related to the subject matter of this Agreement for a term period of ninety (90) days from the earlier of the date Attorney is first retained or the date of this Agreement, and must be paid in full before the expiration of said payment term, after which date this Agreement terminates with no further notice or obligations due from Attorney, unless a petition for relief has in fact been filed, or Attorney, at Attorneys sole discretion, agrees to keep it open. If the retainer fee is paid in full within the term and Client desires to have Attorney file a petition for Client, and assuming Client is qualified and eligible at the time to file, Client will have an additional 30 days to pay the filing fee and any costs or expenses due Attorney, and to provide Attorney with all requested documents in order for Attorney to file a petition for relief under BAPCPA for Client. Attorney does not want to give the false impression that Client may make payments on the retainer at their leisure with Attorney locked into a quoted Retainer or that Client may contact Attorney at any time in the distant future and feel they can "pay the balance due" and have Attorney obligated to file a petition on behalf of Client as Attorney will not and Attorney does not want to give the false impression that if the retainer is not paid in full and on time and a petition is not filed under the terms of this agreement, that Client reserves the option of having Attorney file a petition whenever Client may determine at some time in the future, because no such option exists.

**2.      Retention of Attorney.**  Client retains and employs Attorney as Clients legal insolvency and bankruptcy counsel. The retainer is paid by Client to Attorney in order to ensure Attorney's commitment and availability during a specific time period to perform or provide legal services reasonably necessary to represent Client's interests, absent extraordinary circumstances, related to the specific subject matter as indicated in this Agreement. By retaining Attorney Client acknowledges Attorney is obligated to: (a) refuse any employment that would ever present a legal conflict of interest, limiting Attorney's potential for future clientele; (b) limit the number of new clients it accepts in order that it may perform the work with the highest amount of efficiency and not take every case; and (c) plan its workload so Attorney may perform all legal services necessary for Client under the subject matter of this Agreement. These obligations assure Client that Attorney is available to serve Clients to the best of its abilities and Client's interests, subject to the terms and conditions herein. The value of Attorneys services in relation to the retainer includes this extrinsic value and benefits that Client expressly agrees it is receiving by retaining Attorney. The value of the Attorneys services is not just determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify. Extrinsic value of Attorney's services is taken into consideration, along with everything else, in determining the reasonableness of the retainer and the right of Attorney to consider the retainer earned in certain circumstances. In determining the extrinsic value of Attorneys services it is agreed that the preparation and representation of clients in a matter under BAPCPA requires many disparate tasks and functions for Attorney and Attorney's staff, some of which may require legal expertise and some of which may only be administrative or ministerial in nature and these functions all have value to Client. The value of Attorney's pre-petition, pre-filing services are not always evident to Client and more time, effort and resources are expended upon representation of a Client pre-filing of the petition then almost all clients realize. For example Attorney allows Client to refer creditor's to Attorney and Attorney and Attorney's staff may be inundated by daily, weekly or monthly calls/faxes/e-mails of Clients creditors with Attorney expending resources in that regard. Creditors may potentially stop contacting Client due to Attorneys representation leading Clients to think they have no liability or need to file and not understand the value of Attorneys representation. Further extrinsic value includes, but is not limited to Attorneys case monitoring, oversight and/or continuing evaluation/due diligence which may be monthly and takes more time then Clients realize; and time spent due to Client lack of cooperation which may come into play as Attorneys time in following up with client for needed information. documentation, status, etc., and entails much more time then Clients realize.



**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 1 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]



INITIALS

**3.     Legal Representation.** Client retains Attorney specifically, solely and exclusively for legal services in representing Clients legal interests in relation to a proposed filing under Chapter 7 of the USBC ("USBC"), as amended and effective October 17, 2005, known as the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), and for no other matters or services ("Services"). Attorney accepts such representation pursuant to the specific written terms of this Agreement. Attorney's advice and analysis is based upon circumstances presented by client at the initial consultation (which may not include full disclosure by Client), as well as current, local, state, and federal laws. It is expressly agreed and understood between the Parties that this Agreement is not contingent upon the filing of a petition for relief and Client has no obligation to proceed to file a Chapter 7, or any chapter of bankruptcy or any bankruptcy petition. If Client decides not to proceed with the filing of the petition for any reason or (a) the petition is not filed under the time frame expressed in this Agreement for any reason; (b) or filing Venue changes; (c) or the Client decides to just close the file; (d) or Client breaches this Agreement; then this Agreement shall be deemed concluded with Client obligated to pay for any work done and costs incurred. Attorney assumes no responsibility for any changes in laws or of clients eligibility or qualification under any certain chapter of BAPCPA should client delay the filing by not paying quickly and as agreed, providing required documentation and information, timely cooperating and communicating with Attorney, any change in Clients circumstances, particularly the Client's current monthly income as defined by BAPCPA, does not substantially change prior to the filing of the petition for relief. Eligibility and qualification of Client may change before any proposed filing. Client must be eligible and qualified to file a petition under Chapter 7 of BAPCPA at the time of the filing of any proposed Chapter 7 petition for relief under this Agreement, regardless of any qualification at the signing of this Agreement or the initial consultation.

**4.     Scope of Legal Services Defined.** Attorney shall represent Client generally regarding Clients financial hardships and provide all legal services reasonably necessary to fully inform Client of requirements under Chapter 7 of BAPCPA. Attorney may represent, advise and perform legal services for the Client on matters related to and in connection with any filing of a Chapter 7 petition, schedules and related documents or such other services, or solutions, as may prove related and/or incidental thereto or as specified in this Agreement. Should Client proceed to have Attorney file a voluntary petition under Chapter 7 of the United States Bankruptcy Code, Attorney may, with the assistance and cooperation of Client, its agents and employees, perform the following services as specified under the terms of this Agreement, including, but not limited to the following: (a) the initial consultation; (b) representation in a Chapter 7 filing; (c) review and preparation of documents necessary to file a Chapter 7 petition for relief and preparation and electronic filing of petition, schedules, all statements, statement of financial affairs, statement of intention, means test, supplemental local forms, creditor list, and other documents and pleadings as necessary; (d) preparation and attendance of Client at the initial section 341 meetings of creditors, and other proceedings where necessary, as determined by Attorney, related to the representation as described in this Agreement; (e) advise client as to the rights, duties, and responsibilities as a Chapter 7 debtor; (f) advise client in relation to available exemptions available under applicable law and in claiming exemptions that best serve the Client's interests; (g) assist Client in complying with all of the requirements imposed by the bankruptcy laws, the bankruptcy rules, or any local bankruptcy rules or otherwise; (h) review of any proposed redemption or reaffirmation agreements or to render Attorneys opinion on same;, but attorney will not sign redemption or reaffirmation agreements; and (i) and case administration and monitoring.

**5.     Excluded Matters.** This Agreement does not retain Attorney for any service(s) or matters not specified herein (except as required under BAPCPA, USBC or Rules, Local Rules of the US Bankruptcy Court or the presiding judge) and Attorney will NOT take any action outside of services described in this Agreement. Specifically, and without limitation, this agreement does not include representation in any other chapter of bankruptcy; or of any other person, entity or business that may be owned, affiliated or associated with by Client or Client's spouse or that either may have an interest in; any pending or future litigation, legal proceedings or services of any type; any foreclosure defense proceedings or court actions; mortgage loan forensic or securitization audits services; any traffic or drivers license related issues; reinstatement of dismissed or reopening of closed cases; any federal, state, local, divorce, or criminal court proceedings, actions or related matters (and clients are specifically advised to attend all relevant court hearings or proceedings unless advised otherwise in writing); any matter specifically defined under this agreement as "additional services"; any type of appeal(s); adversary complaints or proceedings; contested matters involving bankruptcy abuse or bankruptcy fraud matters; discharge-ability actions or objections; the preparation and/or filing the pre-discharge financial education certificate; any post discharge litigation; any type of bankruptcy litigation (outside the scope of this agreement) related to the mortgages or mortgage loans of any type, whether the are residential, investment or commercial; loan workouts or restructurings; or loan modifications of any kind unless at Attorney's sole discretion such an undertaken would be advise-able post filing of a petition, in which case at Attorneys sole express discretion Attorney may agree to represent Client, with no additional up front retainer, but subject to the terms and conditions of this Agreement and the hourly rates set forth herein. However, Attorney is not obligated to represent Client in any excluded matter absent Attorneys express consent and discretion to do so. Therefore, in the event Attorney asks Client to enter into a separate retainer agreement for any excluded matter(s), or specifically adversary related representation, Client will do so upon request and Attorney may require an additional retainer fee at that time as a condition of representation in any excluded matter, subject to the hourly rates of Attorney or flat fee, as determined by Attorney.

**6.     Additional Services.** Legal services which are beyond those contemplated in the Retainer may be provided by Attorney and will result in additional legal fees due Attorney from Client. Attorney may require any said additional attorney fees to be paid in advance and prior to any such service being provided or completed. Such additional professional services not subject to this Agreement may include, but are not limited to, representing Client in: (a) Bankruptcy Rule 2004 motions, court appearances, examinations-depositions or any discovery related thereto; (b) Matters or actions related to the modification of, relief from, enforcement, extension, imposition, defense or violation of the Automatic Stay, including those filed by secured creditors to foreclose on real property or repossess collateral; (c) Any appearance at any continued meeting of creditors due to Clients failure or refusal to comply with their obligations under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of the Northern District of Illinois Bankruptcy Court, or any requests of the Standing trustee, the interim trustee, or the United States Trustee or Clients request to continue the meeting due to their inability to appear or other reasons, or attending additional creditors/trustee meetings; (d) Motion work or attendance at court hearings not related to the ordinary course of representation including representation in defending any motions to dismiss filed by any party in interest, or pursuing any motions to avoid judicial liens on property, or motions or actions related to stripping any mortgage liens or avoiding non purchase money security interests; (e) Post filing preparation and filing of any amendments, amended schedules or other bankruptcy forms, or any unnecessary work caused by Clients delay, omission or lack of cooperation, including adding additional creditors or undisclosed assets that were omitted from the initial documents filed with the Court; (f); Reopening a Clients closed Chapter 7 for any reason including to submit and file post-filing proof of pre-discharge counseling (debtor education certificate and signed form B-23); (g) Any US Trustee audit (Client may be subject to an audit by the US Trustee) or US Trustee motion to dismiss, evidentiary hearing or contested matters; (h) undue hardships or to enforce the discharge injunction including those related to student loans or taxes; (i) representation regarding reaffirmation agreements, redemption or surrendering of collateral; representation in any objection to claim of exemptions, or involving any garnishment, wage deduction or citation proceeding or the recovery of money from any creditor action(s); or (j) any matter specifically excluded, not specifically itemized or described under this Agreement that may arise and that would not be considered reasonably necessary under BAPCPA, USBC, the local rules of the US Bankruptcy Court, or the Illinois Code of Professional



**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 2 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

Conduct. For such additional services, Client will be charged at Attorneys hourly rates as listed in this Agreement with a one-hour minimum charge, plus any costs. However, Attorney is not obligated to represent Client in any additional matter absent Attorneys express consent and discretion to do so.

7. **Garnishment, Wage Deduction or Citation.** In the event Client has funds withheld by any third party pursuant to any garnishment, wage deduction, citation proceeding or the like, and a Court appearance is necessary in order to obtain the release of funds withheld pursuant to any such garnishment, wage deduction, citation proceeding or the like, client agrees that funds can be released to Attorney and be applied against any balance due for Attorney's legal fees or costs. Client agrees to pay Attorney a reasonable amount for the services to be rendered in this instance and said services will be considered additional services and specifically not be considered as part of this retainer agreement.

8. **Avoidance of Judgment Liens on Client's Homestead.** If Clients have been sued and a final judgment has been entered against Client and recorded, a lien on Client's homestead or other real properties may have attached. A motion to avoid that lien(s) must be filed with the Court and an order obtained avoiding the judgment lien(s), or the lien will survive the bankruptcy, even with an associated unsecured debt being discharged. The filing of the bankruptcy does not automatically discharge or remove any type of liens from any real estate and in particular it does not accomplish the avoiding or removal of any lien on any real or other property. This service is outside the scope of this Agreement and Attorney will not take any action to avoid or remove any type of lien on any real estate or other property without a new and separate written retainer agreement specifying that specific representation being executed between the parties prior to any such representation and additional attorney fees and costs will be due in advance. Client must provide Attorney with a title search or copies of the liens and allow Attorney sufficient time to proceed, at Clients expense, BEFORE the case is closed. Otherwise, Client will be charged additional legal fees and costs to reopen the case to avoid any liens.

9. **Conclusion/Termination of Services.** The termination of Attorneys services or conclusion of this Agreement for any reason will not eliminate Clients obligation to pay for legal services rendered and other charges incurred before termination or conclusion or in connection with an orderly transition of this matter and any unpaid fees for legal services or costs expended, shall be due, owing and payable immediately upon said event including any withdrawal or discharge of Attorney, or other event that concludes this matter or terminates services of Attorney, including dismissal or conversion of the bankruptcy petition. Any earned compensation or cost reimbursements received under this Agreement will not be applied or credited to any new service. If Client desires to retain Attorney for any other legal services, or upon the expiration or termination of this agreement for any other reason, a new and separate written retainer agreement specifying the specific representation would need to be executed between the parties prior to any such representation and additional attorney fees and costs may be due in advance, not subject to any previous quoted retainer fees. Though Attorney is not obligated to undertake any such new representation, any and all future work Attorney may handle for Client in the future in other matters will be handled in accordance with this Agreement at our hourly rates unless otherwise agreed upon. Upon cessation of Attorney's active involvement in any particular matter, even if Attorney continues to represent Client in other matters, Attorney will have no duty to inform Client of future developments, deadlines or changes in the law. At Clients prepaid expense, Attorney will return files, original papers and other property, if any, in its possession to Client upon a receipt of a request for any such materials unless they are appropriately subject to a lien under applicable law, and provided that Client has paid all outstanding legal fees and expenses due Attorney.

10. **Conversion of Petition.** If Client desires to convert a filed petition to another chapter of the USBC the parties shall execute a new and separate retainer agreement setting forth the terms of such representation and additional attorney fees will be incurred, with any compensation paid to date under this agreement considered earned and may not be applied or credited to representation in a Chapter 13, 11, other proceeding or any other matter. Attorney shall be under no duty to prepare and file the necessary conversion until the new fee agreement has been signed and the agreed upon fees and associated costs paid and Client will remain obligated for any unpaid balance due on any current and filed petition that is being converted in addition to the new legal fees and costs. Upon request Client will promptly sign a retainer agreement post conversion for any legal services to be performed post conversion or Attorney will not be obligated to represent client post conversion.

11. **The Attorneys' Authority To Act.** (a) In matters of professional responsibility, the Attorneys shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and the Courts hearing the litigation or such other court(s) wherein the Attorneys may come to represent the Clients (collectively "ICPR"), and without any direction from the Clients. However, Client is free to comment on any aspect of the Attorneys' professional conduct and are encouraged by the Attorneys to do so at any time; (b) Attorney recognizes that it is the Attorneys' general duty to carry out the directions of their principal, the Clients, but the Clients recognize that their agents, the Attorneys, are possessed of special skills and training in legal matters beyond those of the Clients. Therefore, in matters of general strategy, the Attorneys shall follow the general directions of the Clients where such direction does not impinge upon the Attorneys professional responsibilities in any or all matters, or the Attorneys' professional judgment in matters concerning which a full consultation with the Clients is not practical—i.e., and without limitation, how to proceed in open court, when the Clients cannot be reached, or when immediate action is needed; and (c) anything herein to the contrary notwithstanding, nothing herein shall be construed to limit the Attorneys' responsibilities under the ICPR, but it is the Parties' desire that the provisions hereof be liberally construed to the extent possible to conform to said ICPR. Should any provision hereof be found to violate the said ICPR, such finding shall not affect the remaining provisions hereof unless such finding would substantially and materially affect the basic purposes hereof, which are to provide the Clients with legal representation and to provide for reasonable payment to the Attorneys.

12. **Legal Strategies, Good Faith Claims and Ethics.** The Clients understand that some of the matters involved are complex and that any advice, opinion, consultation and the like, given at the initial consultation(s) is/was preliminary and based upon information provided by Client and facts available to Attorney at that time. Attorney's further investigation or analysis of the circumstances, facts or discovery of additional facts, changes in Clients circumstances or the laws, or other future events, may from time to time change the Attorneys' advice regarding any and all matters brought to them, perhaps materially so. From time to time, strategies may be reevaluated and/or even abandoned entirely depending on, among other things, the information obtained by the Attorneys, and the reaction of the Clients' Creditors, Lenders, or Servicers to any litigation or defenses brought on behalf of the Clients and/or settlement proposals and negotiations. The Attorneys are not obligated to begin or to continue to prosecute or defend any claim that in their sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics, or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise the Clients to settle any or all of Clients' particular matters in which they become involved. Client will request legal advice in writing on important matters with regard to which Client may rely upon Attorney for advice. Unless legal advice is given in writing Clients may not rely on any legal advice. Attorney will take reasonable steps to keep Client informed of any status or progress, and respond to Client's reasonable inquires, or questions in a reasonable fashion.

13. **Client Obligations, Representations of Good Faith and to Attorney.** Client will at all times to be truthful with Attorney, cooperate with Attorney, respond to Attorney's request timely, and keep Attorney informed of any developments, and current contact information and that Client will attend all scheduled



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 3 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

court hearings IF told to do so by Attorney and Client will attend all scheduled meeting with Attorney as requested by Attorney in Attorneys office. Attorney will prepare the bankruptcy filing and associated documents based upon information supplied by Client and Attorney will rely upon this information as being true, accurate, complete and correct. Client attests and affirms that they will attend the section 341 meeting of creditors ("Trustee Meeting") and that Client has not, and will not, given Attorney any false or misleading information, will not omit any information from Attorney now or in the future and has and will continue to provide Attorney with timely, complete and accurate information, all requested information, all requested documentation, questionnaires, intakes, and pertinent information, including full disclosure all financial information to Attorney promptly and as requested by Attorney and prior to the filing of any petition for relief. If false, incorrect or incomplete information is included, or information is omitted, it can cause Client additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be *complete and correct* to avoid any problems. Client will review all documents filed as part of the bankruptcy case, and Clients signature on those documents signifies that client has read them, understood them, and agrees with their contents. Client agrees to perform fully and conscientiously all the duties of a Debtor under the Bankruptcy Code, and shall timely, comply and communicate, with all reasonable requests for information or reports by the Bankruptcy Court, U.S. Trustee and the Attorney. Client must preserve all records and documents related in any way to this matter, including all electronic documents and data. If Client should not act with absolute honesty and integrity with Attorney, or fails to fulfill its obligations, cooperate with or provide Attorney with complete and accurate information or if Client becomes delinquent in the payment of their bills, then the Attorneys may either decline to represent the Clients or discontinue such representation immediately and without notice, and in either such case, the Clients agree not to object to the Attorneys' declination, discontinuation of their services or motion to withdraw from this matter without any refund of any earned fees. Upon the filing of a petition for relief Client, unless otherwise instructed by this office, Client must and will pay all taxes incurred after the date of filing (and file all necessary tax returns), and maintain any required insurance on real and personal property. Clients agree to inform Attorney of any increase in income and to always provide Attorney with their tax returns at the same time they file them each year.

**14.     Venue for Filing.**  This Agreement is subject to Client qualifying to file a petition for relief in the same U.S. District Court jurisdiction as defined by the USBC and rules, by permanently residing in, or maintaining the same domicile in which they are currently domiciled as of the date of this Agreement, and at the actual time of any filing of a petition for relief.  In the event Venue changes before the filing of a petition for relief, for any reason, this Agreement will be deem concluded per the terms of this Agreement.

**15.     Billing Statements.**  Attorney's standard practice is to hill each month for services rendered and expenses incurred by us during the previous month, or for monthly set payments.  Client may receive a copy of invoices with a detailed itemization of all fees and costs incurred, the basis for the fees and costs and the billing statement may list the professionals who worked on your matter for that billing period with their hourly billing rates.  Payment is due upon receipt of Attorney's invoice.  Attorney must approve any different payment arrangements in advance, in writing.  Attorney reserve the right to terminate its representation if payment is not received within fifteen (15) days of its invoice, and Client agrees not to contest Attorney's withdrawal from any court or administrative proceeding if payment is not received within thirty (30) days of its invoice or request.  Should Client have any questions concerning any statement, Client shall contact Attorney to discuss them so that there may be an opportunity to resolve any misunderstandings in a mutually agreeable manner.  Overdue balances will accrue interest at 12% per year.

**16.     Retainer.**  The Retainer will be credited against any costs or expenses incurred by the Attorney as well for services performed by Attorney at the hourly billing rates.  Client will pay Attorney a pre-petition, pre-filing retainer in the total amount that is specified in this Agreement, prior to the filing of any petition for relief (the "Retainer"), and in the following manner. 1) upon a pre-petition, pre-filing initial retainer; and if necessary (2) an additional pre-petition, pre-filing retainers or retainer payments due prior to the filing of any petition for relief.  Client understands that in a matter of this kind if may be appropriate to take into account in establishing Attorney's fees additional factors, including the complexity of the work, the efficiency with which it is accomplished, the extent Attorney forego's other client opportunities, the nature of the results, or the like.  Thus, Client will pay Attorneys a retainer in the amount listed below, at the time of, or prior to, the execution of this Agreement ("the Initial Retainer{s}").  The type, definition and classification of each retainer are specifically defined in this Agreement.  The retainer shall be paid from funds of Client.  In the event a Client desires to have payments made to Attorney by third parties, and not funds of Client, Attorney must specifically be notified.  The fact third parties may pay some or all of the Clients' bills do not excuse the tardy payment of any bill by the Clients.  Client may not pay attorney fees or expense by credit card but may use a debit card.  If the Initial Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated.

**17.     Type, Definition and Classification of Retainer.**  All retainers described herein, including all future retainer payments, are expressly agreed to be "advance payment retainers" as described in *In re Production Associates, Ltd.*, 264 B.R. 180 (Bkrtcy.N.D.Ill.2001) and *Dowling v. Chicago Options Associates, Inc.*, 2007 WL 1288279 (Ill.) and Client expressly agrees to this type of retainer as a condition of Attorney accepting representation.  No funds will be held in any type of attorney trust fund account as the Attorneys will commingle the retainer and any future retainer(s) payments immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any (and not the actual retainer funds themselves), promptly after the termination or conclusion of the Attorneys' services or of this Agreement.  Client maintains a contract right to the performance due from Attorney per this Agreement, but that does not give rise to any property right in any specific payments or compensation paid Attorney and Attorney is not holding any funds on behalf of Client, now or in the future, related to the specified retainer or any payments on Attorney compensation.  Ordinarily, Clients have the option to request that the retainer be considered a "security retainer" where Clients continue to have an interest in the funds, but Clients recognize and agree that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the Dowling case to advise Clients of the reason they would decline to represent Clients on a security retainer basis, and that reason is the Attorneys do not desire even potentially to compete with the creditors of the Debtor-Clients. This is advantageous to Clients in the Attorneys' opinion because the Dowling case makes specific reference to creditor problems as a reason justifying either an advance payment retainer or classic retainer over a security retainer.  Further, Attorneys representation is time consuming and Attorney believes the initial retainer, and pre-petition, pre-filing retainer(s) will be earned quite easily and that the ultimate amount of legal fees will be in excess of the initial retainer and pre-filing, pre-petition retainer(s), which amount shall be credited against any amounts due at the termination or conclusion of this Agreement.

**18.     Additional Retainer.** Unless the Retainer quoted is paid in full at the execution of this Agreement, Client will pay a second and additional retainers ("the Additional Retainer" or "AR") in a manner specified in this Agreement and on or before the filing of any petition for relief.

**19.     Payment on Retainer.**  If Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated, herein and before any petition will be filed. If payment terms are not adhered to, payments dishonored, payments missed, stopped or reversed, then this Agreement shall immediately terminate without further notice to Client.  In that event



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States.  Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 4 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]




all previous receipts of earned compensation and costs will not be refunded and no further professional, legal or ethical responsibility will afforded to Client by Attorney from that time forward.

**20.      Payment Credits.**  All payments on account of the indebtedness represented by this Agreement shall be applied first to accrued and unpaid interest, late charges, collection fees, additional attorney fees and the remainder to principal on any Retainer fees, legal fees, cost or due diligence reimbursement and finally filing fees, despite any characterization by Client on any payment.  Client authorizes Attorney to apply the "filing fee" and any payment for expenses that have not been incurred towards the Attorneys retainer.  In the event Client is re-filing, re-retaining Attorney for an initial filing, or even retaining attorney for a new matter, it is understood and agreed that any payments toward compensation will be credited first to any balance owed on any previous case(s)/accounts and any funds Client may think they are paying for a re-filing or re-retaining or other case will be applied to previous cases first.

**21.      Accounting of Retainer.**  The Parties hereto understand and acknowledge that the amount of services to be provided by the Attorneys and the outcome of the representation are extremely difficult to predict as professional fees charged reflect a number of factors, including the number of attorney and non attorney hours incurred, the relative experience of the attorney(s) or staff member performing the services, the difficulty of the matter, and the results obtained for Client.  The value of Attorneys services in relation to the retainer includes extrinsic value and benefits that Client expressly agrees it is receiving by retaining Attorney.  Attorney is not charging by the hour for the specific services defined in this Agreement, as the value of services is not determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify.  Therefore Client expressly waives any rights to any accounting or monthly billing of time by Attorney for any legal services included in the Retainer and Attorney will not be keeping records of time spent on this matter.  No time sheet or accounting of time will be required or provided unless requested by the Bankruptcy Court while the case is pending before it.  In the event of any fee dispute the hourly rates of Attorney, which are currently $425.00 per hour for J. Kevin Benjamin, $375.00 per hour for Theresa Benjamin, and $125.00 for paraprofessional time (i.e., paralegals, law clerks or legal assistants) billed in 6-minute minimum increments will be applicable including any time spent related to any fee dispute.  Post-Filing/Post-Petition the hourly rates will apply for any services not specified or included in this Agreement or for additional attorney services as specified in this Agreement.

**22.      Contingency Fees.**  Attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for any reason, including, but not limited to, a violation of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes, bankruptcy code violations, including recovery for actual damages, compensatory damages and/or punitive damage awards.  In addition to the contingency fee Attorney has the right to seek additional attorneys fees to be paid by third parties at Attorney's discretion.  In the event Attorney is awarded attorney fees to be paid by parties other then Client, be it by request of Attorney, a statutory award or any other reason, Attorney will retain 100% of any such award, in addition to the contingency fees as described herein or any other attorney fees it may be entitled to, including but not limited to legal fees granted by Statute or other.  Contingency fees do not pertain to any services specifically included in this agreement and Attorney will not charge both a contingency fee and an hourly fee for the same specific legal service.

**23.      Filing Fee.**  The Retainer does not include the $335.00 filing fee for a Chapter 7 (subject to change at anytime) or any costs, expenses or due diligence.  The Filing Fee is not due until the petition is actually going to be filed and Client agrees to NOT pay that to Attorney in advance of filing or until told to do so by Attorney.  Attorney may invoice Client separately for the filing fee and costs, which will be due and payable at that time and prior to any filing.

**24.      Client's Obligations to Pay Designated Costs, Fees, Expenses and Due Diligence.**  Client understands that in addition to any attorney fees that client is responsible for any and all reasonable costs associated with said representation and Attorneys due diligence.  At Clients expense, Attorney is empowered to obtain information about Client's assets, credit, creditors, taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information provided by Client as part of Attorney's due diligence and ordinary course of representation.  Such information may not be comprehensive or complete. It is obtained for background information and to aid Attorney's due diligence.  Attorney may order multiple due diligence products at its discretion as due diligence may be done when retained, before filing, any time in between, or as often as Attorney deems prudent as before filing some due diligence may have become stale. Attorney may charge a $1.00 minimum for each item noticed to each additional creditor, or any party, as an expense for postage, copying and envelopes.  Attorney does not charge for routine facsimile or telephone usage, but does charge a 5% credit/debit card-processing fee, which Client agrees to pay when applicable.  These costs, expenses and due diligence are not part of Attorney's overhead.

**25.      Continuation of Payments to Secured Creditors.**  Client must continue to timely make the regular monthly payments directly to any secured creditor on any property that client intends to maintain (i.e. home mortgages, auto loans), and client must make those payments directly prior to the filing of a petition for relief, since until that time any motor vehicle, real property, is subject to repossession, foreclosure proceedings, Sheriff or Trustee sales of properties or any creditor or collection activity.  Client assumes full responsibility to make certain these payments are made to any appropriate creditor prior to any filing of a petition.  Upon the filing for a petition for relief Client maintains full responsibility to make these payments directly to the Creditors as well and Client must maintain any appropriate insurance, file all tax returns, and pay any type of taxes due post filing.

**26.      Statute of Limitations and Tolling.**  It is understood the filing of a petition in bankruptcy will "Toll" any statute if Limitations period, including but not limited to, any Internal Revenue Services, local, state and federal taxes, non-dischargeable debts, lawsuit deadlines, or collection periods, etc.

**27.      Disclaimer of Guarantee.**  (1) Nothing in this Agreement or any statements to Client will be construed as a promise or guarantee regarding the outcome of the Client's matter or chance for success and no guarantee as to specific results has been given to Client, with any express or implied comments about specific results or potential outcome of matters pertaining to Client are expressions of opinion only and do not create or imply a promise, warranty, representation, guarantee, as to a specific outcome on Clients matter; (2) Attorney has not made any promise or guarantee to "save" any real property of Client, or that a cause of action against any creditor or lender exists or would result in any creditor or lender's agreement to change, modify, or restructure any loan terms or reduce any negative equity in real property; (3) There are risks in filing for bankruptcy, including the possible liquidation or loss of property and Client understands that bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions; (4) Since approval and granting of a discharge requires court approval and may require consent of the chapter 7 trustee and creditors, and subject to any adversary proceedings contesting discharge, no guarantees or representations are made as to whether any such approvals will or can be obtained or that client will obtain any applicable discharge under any chapter of the USBC; (5) Legal services and proceedings are uncertain, and there are various interpretations and changes in the laws occur as well as unknown factors that may alter the outcome or results; (6) Client acknowledges there is NO GUARANTEE to the successful filing of a petition for relief under any chapter of the USBC, or the defense of any motion to dismiss, modify the automatic stay, adversary proceeding or contested matter, and that there are, in fact, significant risks if a Standing Trustee, U.S. Attorney/Trustee or Creditor prevails in any action.

**28.      Receipt and Acknowledgment of Mandatory Notices and Disclosures.**  The Bankruptcy Code requires that Attorney provide mandatory notices and disclosures to you. Client has received, read, and understands the *Statement Mandated by Section 527(b) of the Bankruptcy Code and Notice to Clients Who Contemplate filing Bankruptcy*. Those disclosures are incorporated by reference and made part of this Agreement.



**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States.  Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 5 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

**29.     Method of Communications.** Attorney works with its clients by office or phone appointment ONLY. Attorney cannot and will not respond to repeated telephone inquiries, texts, faxes, e-mails etc., about the status, progress or legal options in Clients case/petition. Client must make an appointment whenever Client has questions and wishes to meet or speak with an attorney or representative of Attorney. Neither the Attorney nor individuals of the Attorney will respond to fax inquires, text messages, twitter, Facebook or any social media. Attorney will communicate and notify Client of all hearings or requests by US Mail or e-mail and that Client must be mindful of reading all correspondences and e-mails from Attorney. Attorney will not call client to remind them of any hearings, meetings, or court appearances. Client authorizes Attorney to use its phone number, fax and/or email to voice broadcast and also contact me. This also serves as Clients authorization to "opt in" to any Attorney list to receive e-mail notices and solicitations, etc. until said time as Client opts out. Attorney may assign and administrative "Case Manager" to Client and in said case that will be Clients point of contact with Attorney and which Client can schedule phone or in office consultations with specific attorneys of the firm to answer any questions or go over any issues or answer any questions and Clients consents to this arrangement. It is understood Attorney does not practice law, or give legal advice or updates. via text messages and Client may not contact Attorney by text message.

**30.     No Tax Advice.** The Attorneys are **not** qualified tax advisors. The Attorneys are not rendering any advice as to the taxable consequences of any matter pertaining to their representation of the Clients. Whether or not the Attorneys do comment on any tax matter during the course of their representation as a matter of convenience or general discussion. the Clients will not rely on the Attorneys' tax comments and that the Clients is advised to seek all tax advice only from a qualified tax professional, certified public accountant or "tax lawyer" and not the Attorneys. Client represents that Client has access to such qualified tax advice from professionals other than the Attorneys.

**31.     Agreement Complete.** This instrument contains the terms and conditions constituting the entire Agreement between the parties and may not be modified except by a written agreement signed by all parties. There are no promises, terms, conditions or obligations applicable to Attorney's representation hereunder, except as expressly set forth in this Agreement. The terms hereof supersede any previous oral or written agreements or understandings between the parties with respect to Attorney's representation, with all previous understandings or agreements having been merged herein. In the event any provision hereof for any reason is illegal or unenforceable. the same shall not affect the validity of the remaining provisions. This Agreement may be signed in Counterparts and each of the terms and provisions of this Agreement are to be deemed severable in whole or in part, and if any term or provision or the application thereof in any circumstances should be invalid, illegal or unenforceable, the remaining terms & provisions or the application thereof to circumstances other than those as to which it is held invalid, illegal or unenforceable, shall not be affected thereby and shall remain in full force & effect.

**32.     Rule of Reasonableness.** This Agreement shall be construed under a rule of reasonableness at the time it was entered. examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client's interests on behalf of the Clients and be paid the reasonable fees provided for herein. All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken.

**33.     Consent to Jurisdiction and Services.** This Agreement shall be deemed executed in the City of Chicago, County of Cook. State of Illinois, where it arose and where it shall substantially or totally be performed, and shall be construed and governed under the laws of said jurisdiction and venue by agreement of the Parties. The Parties consent to the subject matter jurisdiction of any such Court and in no event shall any party to this Agreement contest the jurisdiction or venue of any such court(s) over them with respect to any claims or disputes arising out of this Agreement.

**34.     File Destruction.** Client hereby authorize the secure destruction of your file 90 days after it is closed, and agree that in any event Attorney shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of five years. Attorney may keep an electronic copy of the file, which will serve an original for any related time frames that may require Attorney to keep the file longer. However Attorney is not obligated to maintain any part of the file that is a public record, incidental to the file, or which was only a copy of anything that was given to Attorney by Client and not an original.

**35.     Effective Date.**     The representation covered by this Agreement commences only upon the receipt by Attorney of a signed Agreement and payment of the initial Retainer and prompt, current payments, in succession and as agreed, on any payments toward the full pre-filing, pre-petition Retainer. Without an agreed payment there is no consideration and no effective contractual, ethical, or legal responsibilities between the parties.

**36.     Penalty of Perjury.** CLIENT UNDERSTANDS THAT THE INFORMATION DISCLOSED IN OUR PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMMET AND HEAVY FINES.

**37.     Time Is Of The Essence.**     Any delay on Clients part may disqualify Client for Chapter 7 relief or otherwise adversely affect client's case. Attorney may not be able to file the case or take other necessary actions, until all requested documents and/or information, including but not limited to the certificate of credit counseling. are received by Attorney along with all required attorney fees, costs and filing fee.

**38.     Credit Counseling Course.** Clients are advised that before Attorney can file the petition they must provide firm a credit-counseling certificate from an approved non-profit budget and credit counseling agency (approve by U.S. Trustees office) dated within 180 days prior to filing a bankruptcy petition. This can be taken online or by telephone and Attorney can assist in instructing Client. Client is advised to take this course when the Petition is close to being filed to avoid having to retake this course. which may have to be paid for again by Client.

**39.     Post Filing Course.** Client must complete a **financial management "pre-discharge" course (debtor education course)** right after filing (and in addition to the credit counseling course) and obtain a certificate of completion along with a form B-23 which they must sign acknowledging THEY completed the course and it is solely their responsibility to compete the course. SIGN the B-23 and get the SIGNED B-23 to Attorney so Attorney may file it with the clerk as it must be filed with the Clerks office on behalf of Client within 45 days of the ORIGINAL meeting of creditors (no extensions for continued meetings). If this is not done the Court may CLOSE the case WITHOUT discharge. Then to obtain a discharge a motion to re-open and permission granted to file an executed B-23 and certificate (assuming clients have done it) will be required and, should Attorney perform such there will be ADDITIONAL attorney fee charges determined by Attorney that must be paid in advance by clients in order to have Attorney so file plus any court costs (currently $260).

**40.     Estimate of Retainer and Effect of Client Delays.** The Retainer quoted was estimated based upon the anticipated amount of work required by Attorney based the information provided by Client to Attorney at the initial consultation and intake forms, regarding the estimated amount of creditors, debts and current assets, of Client indicated at the initial consultation and client's duties and obligations as set forth in this agreement. If any information is incomplete, inaccurate or incorrect the attorney fee and any Retainer on attorney fee, may be adjusted upwards by Attorney and the advice or recommendation of Attorney, including as to what Chapter to file, may change. Attorney may charge additional fees if Client waits longer then 90 days from the first date Attorney is retained to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the petition for relief. Attorney reserves the right to charge additional fees and retainers due to any Client delays in paying retainer fees, costs/filing fee on time, returning or signing off on the petition or in providing information to Attorney, including but not limited to, appraisals, proof of insurance, title reports, tax returns, pay advices, bank statements or any other requested documents or information. These can be monthly for updating the petition/file and will be a minimum of one hour of attorney time. If



Benjamin | Brand | LLP **is designated as a Federal Debt Relief Agency by an Act of Congress and the
President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 6 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

BENJAMIN | BRAND | LLP

retainer is paid and petition prepared and Client delays the filing for whatever reason Attorney may close the file with no obligation to file that petition in the future. At Attorneys discretion it may charge an update fee (along with potential new due diligence costs) to redo the petition as the petition and due diligence expire/become stale quickly under BAPCPA and Attorney will have to update/re-do/re-analyze the petition and clients situation again and that is not contemplated as a service under this Agreement, but depending on the timing and circumstances Attorney may state the file is closed and with no further obligation and no refund of any earned attorney fees.

**41.    Pre Filing, Pre-Petition Initial Retainer Terms.**    The Retainer is a flat fee all inclusive Retainer for the specific services described in this Agreement only. However, as the amount of work required is hard to ascertain and post filing Clients may have need for additional services or services that are excluded. The Initial Pre-Filing, Pre-Petition Retainer quoted below is the Pre-Petition, Pre-Filing Retainer required before a case will be filed and post filing may be disclosed to the Court and further subject to, and in accordance with the terms and conditions of this Agreement. The Initial Retainer must be paid in full upon the execution of this Agreement, but Attorney, at its discretion, may undertake a reasonable payment plan for the payment of the full pre-filing, pre-petition Retainer. Upon the filing of the petition for relief any attorney fees or costs that may still be due at the time of filing may not be invoiced directly to Client and Client may not pay attorney directly on any pre petition amount that may he due and owing as any billing procedures and direct payments to Attorney are suspended upon the filing of a Chapter 7 petition and during an active Chapter 7 and may be discharged, unless a post filing retainer agreement is entered into between the parties.

**42.    Copies:**    A copy, facsimile, electronically signed or other reproduction or copy of this agreement, including any signatures (electronic or otherwise), shall have the same force and effect as the original and be deemed to be an original for all lawfully enforceable purposes and shall have the same force and effect as an original.

**43.    Production of Documents and Information (No Original Documentation to Be Forwarded and No Return of any Document or Paper).** Any documentation requested by Attorney from Client must be submitted to Attorney in the manner requested by Attorney and further, it is agreed and understood by Client that Client shall not forward any original documents or the like and must provide and submit to Attorney LEGIBLE COPIES ONLY. It is further agreed to and understood by Client that they may not forward or cause to be delivered any documents or the like and request Attorney to make copies for them as Attorney will not do so. Clients must make their own copies and forward documents and the like or they can simply scan and send to Attorney as instructed by Attorney. Client will be under a continuing duty to provide Attorney with all requested information and documentation requested of Client by Attorney, and as often as requested. Client may not send faxes of the requested documents to Attorney, unless requested by Attorney, but rather, client must arrange for the delivery of legible copies to Attorney. Attorney does not accept documentation, notices, pleadings, or the like via text message and it is agreed that Client will not take a picture of anything with their phone and send it to Attorney in any manner, as a copy as pictures almost always are incomplete or not readable. Client must provide LEGIBLE COPIES ONLY of current bank account information to include monthly statements as requested and online account balances as of the date of the signing of the bankruptcy petition to be filed. Financial information must be updated every month, thus Client may be required to provide certain documentation monthly or numerous times be it prior to filing or even after the filing of a petition, and upon request, and as often as requested.

**44.    IT IS UNDERSTOOD THAT ANY DOCUMENT, PAPERS OR THE LIKE, THAT CLIENT FORWARDS TO ATTORNEY WILL NOT BE RETURNED AND ATTORNEY MAY DESTROY, SCAN AND SHRED AT ANYTIME AND AT ATTORNEYS SOLE DISCRETON.**

The balance of the legal fees may be taken post filing inside the Plan and in accordance with the terms and conditions of this Agreement.

$ _____2,500_____.00  Pre-Petition, Pre-Filing Retainer Fee due in full within the payment term per this Agreement before filing a petition (not including filing fee, due diligence or other costs/expenses as stated in this Agreement).

In 2000, the U.S. Electronic Signatures in Global and National Commerce (ESIGN) Act established electronic records and signatures as legally binding, having the same legal effects as traditional paper documents and handwritten signatures. DocuSign warrants federal ESIGN Act compliance. DocuSign's advanced signature is legally admissible and enforceable in almost every civilized country in the world, which has adopted an electronic signature law, and the vast majority recognize DocuSign's form of electronic signature as meeting the definition of a valid electronic signature. Any copy or reproduction of this Agreement shall have the same force and effect as an original.

The undersigned individuals acknowledge to have read, reviewed, understand and received an exact completed copy of *all SEVEN pages* of this Agreement and agree to be bound by all their terms and affirm that I/we are the person(s) requesting services of Attorney under this agreement.

DATED THIS __18th____ DAY OF __MAY_____, 2017

Client authorizes and directs Attorney to begin representation immediately and Attorney will undertake representation immediately upon the execution of this Agreement and thus legal fees will start being earned.

**CLIENT(S):**                                         **FIRM: BENJAMIN | BRAND | LLP, A debt Relief Agency**

Client: _____

Print: _____

                                        FOR FIRM:    /s/ J. Kevin Benjamin
                                        Print:    J. Kevin Benjamin, Esq., (on behalf of Benjamin | Brand | LLP


**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 7 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]


INITIALS

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Janet M. Sedlock** _____   Case No. _____
                                    Debtor(s)       Chapter   **7** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **67**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **May 18, 2017** _____        **/s/ Janet M. Sedlock** _____
                                                      **Janet M. Sedlock**
                                                      Signature of Debtor

Amex
Acct No 3499908104731183
Correspondence
Po Box 981540
El Paso, TX 79998


Amex
Acct No 3499908104731183
Po Box 297871
Fort Lauderdale, FL 33329


At&T Universal Citi Card
Acct No 5491139305425291
Po Box 6500
Sioux Falls, SD 57117


At&T Universal Citi Card
Acct No 5491139305425291
Po Box 6241
Sioux Falls, SD 57117


Bank Of America
Acct No 872285821
Correspondence FL-1-908-01-49
Po Box 31785
Tampa, FL 33631


Bank Of America
Acct No 872285821
450 American St
Simi Valley, CA 93065


Becket and Lee, LLP
POB 3001
Malvern, PA 19355-0701


Cap1/bstby
Acct No 7001062003757410


Cap1/carsn
Acct No 7004897501
Po Box 30253
Salt Lake City, UT 84130

Chase Card
Acct No 4071662101126442
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850

Chase Card
Acct No 4366111020479270
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850

Chase Card
Acct No 4071662101126442
Po Box 15298
Wilmington, DE 19850

Chase- BP
Acct No 4227652001038279
Chase Card Svcs/Attn:Bankruptcy Dept
Po Box 15298
Wilmington, DE 19850

Chase- BP
Acct No 4227651007097537
Chase Card Svcs/Attn:Bankruptcy Dept
Po Box 15298
Wilmington, DE 19850

Chase- BP
Acct No 4227652001038279
Po Box 15298
Wilmington, DE 19850

Chase- BP
Acct No 4227651007097537
Po Box 15298
Wilmington, DE 19850

Chase/circuitcity
Acct No 1523003514753615
225 Chastain Meadows Ct., Nw
Kennesaw, GA 30144

Chex Systems, Inc.
7805 Hudson Road
Suite 100
Saint Paul, MN 55125


Citibank
Acct No 5424180726128942
Citicorp Credt Srvs/Centralized Bankrupt
Po Box 790040
Saint Louis, MO 63179


Citibank
Acct No 5424180726128942
Po Box 6241
Sioux Falls, SD 57117


Citibank / Sears
Acct No 5049948138118791
Citicorp Credit Srvs/Centralized Bankrup
Po Box 790040
Saint Louis, MO 63179


Citibank / Sears
Acct No 5121071983124599
Citicorp Credit Services/Attn: Centraliz
Po Box 790040
Saint Louis, MO 63179


Citibank / Sears
Acct No 5049948138118791
Po Box 6282
Sioux Falls, SD 57117


Citibank / Sears
Acct No 5121071983124599
Po Box 6497
Sioux Falls, SD 57117


Citibank/Best Buy
Centralized Bankruptcy/CitiCorp Cre
POB 790040
St. Louis, MO 63179


Comenity Bank/avenue
Acct No 14388
8035 Quivira Rd
Lenexa, KS 66215

Comenity Bank/Lane Bryant
Acct No 13511 93833427
Po Box 182125
Columbus, OH 43218


Comenity Bank/Lane Bryant
Acct No 12151 93833427
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218


Comenity Bank/Lane Bryant
Acct No 13511 93833427
Po Box 182789
Columbus, OH 43218


Comenity Bank/Lane Bryant
Acct No 12151 93833427
Po Box 182789
Columbus, OH 43218


David P. Sedlock
15517 Nelson Road
Woodstock, IL 60098


David P. Sedlock Trust No. 1
15517 Nelson Road
Woodstock, IL 60098


Equifax c/o CSC Credit Services
Attn: Dispute Department
POB 981221
El Paso, TX 79998-1221


Experian
Attention: Bankruptcy Department
POB 2002
Allen, TX 75013


Experian
NCAC
P.O. Box 2002
Allen, TX 75013

Experian
Attn: Bankruptcy Department
POB 740241
Atlanta, GA 30374


Hsbc/menards
Acct No 6004300108403350
Attention: Bankruptcy Department
Po Box 5264
Carol Stream, IL 60197


Hsbc/menards
Acct No 6004300108403350
26525 N Riverwoods Blvd
Mettawa, IL 60045


Illinois Department of Revenue
Bankruptcy Section
POB 64338
Chicago, IL 60664-0338


Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604


Internal Revenue Service
Centralized Insolvency Operation
POB 7317
Philadelphia, PA 19101-7317


Judicial Sales Corporation
Acct No TJSC#37-3166 (11 CH 1597)
2200 N. Seminary Avenue
Woodstock, IL 60098


Judicial Sales Corporation
Acct No TJSC#37-3166 (11 CH 1597)
One South Wacker Drive
24th Floor
Chicago, IL 60606-4654

```
Kohls/Capital One
Acct No 017442954852
Po Box 9500
Wilks-Barr, PA 18773


Kohls/Capital One
Acct No 017442954852
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051


Marmont Farm, LLC
c/o Ronald E. Rasmussen, Reg Agent
2425 Royal Blvd
Elgin, IL 60123


NLT Title, L.L.C.
Acct No 2011 CH 1597
390 Congress Parkway
Suite D
Crystal Lake, IL 60014


Pierce & Associates
Acct No PA#: 10881 - 11 CH 1597
Attention: Bankruptcy Department
1 N. Dearborn Street, Suite 1300
Chicago, IL 60602


Pierce & Associates, P.C.
Acct No PA#:  10881 - 11 CH 1597
McCalla Raymer Pierce, LLC
1 N. Dearborn Street, Suite 1300
Chicago, IL 60602


Qck Ln Cbna
Acct No 6035542401232837
Po Box 6497
Sioux Falls, SD 57117


Qck Ln Cbna
Acct No 6035542401232837
50 Northwest Point Road
Elk Grove Village, IL 60007
```

Specialized Loan Servicing, LLC
Acct No 1006745548
c/o Law Offices of Terri M. Long
2056 Ridge Road
Homewood, IL 60430


Specialized Loan Servicing/SLS
Acct No 1006745548
Attn: Bankruptcy
Po Box 636005
Littleton, CO 80163


Specialized Loan Servicing/SLS
Acct No 1006745548
8742 Lucent Blvd.
Suite 300
Highlands Ranch, CO 80129


Syncb/blains Farm&flee
Acct No 6019181917208773
C/o Po Box 965036
Orlando, FL 32896


Synchrony Bank/Sams
Acct No 7714400372096586
Attn: Bankruptcy
Po Box 103104
Roswell, GA 30076


Synchrony Bank/Sams
Acct No 771439037209
Attn: Bankruptcy
Po Box 103104
Roswell, GA 30076


Synchrony Bank/Sams
Acct No 6045992293658151
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


Synchrony Bank/Sams
Acct No 7714400372096586
Po Box 965005
Orlando, FL 32896

Synchrony Bank/Sams
Acct No 771439037209
Po Box 965005
Orlando, FL 32896

Synchrony Bank/Sams
Acct No 6045992293658151
Po Box 965005
Orlando, FL 32896

Trans Union Corporation
Attn: Dispute Department
2 Baldwin Place, POB 100
Crum Lynne, PA 19022

Transunion
Attn: Bankruptcy Department
POB 1000
Crum Lynne, PA 19022

U.S. Bank National AssociationTrust
c/o Specialized Loan Servicing, LLC
8742 Lucent Blvd., Suite 300
Littleton, CO 80129

Unvl/citi
Acct No 5491139305425291
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Unvl/citi
Acct No 5491139305425291
Po Box 6241
Sioux Falls, SD 57117

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Janet M. Sedlock** _____  Case No. _____

Debtor(s)    Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Janet M. Sedlock** | X  **/s/ Janet M. Sedlock** | **May 18, 2017** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

## INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

(1)     the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2)     the effect of receiving a discharge of debts
(3)     the effect of reaffirming a debt; and
(4)     your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

## WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

## WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

## WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

## OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,347,500 ($336,900 in unsecured debts and $1,010,650 in secured debts).

## AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| /s/ Janet M. Sedlock | May 18, 2017 |
|---|---|
| Debtor's Signature | Date |

**11 U.S.C. § 527(a)(2) Disclosure**

In accordance with section 527(a)(2) of the Bankruptcy Code, be advised that:

1.  All information that you are required to provide with a bankruptcy petition and during a bankruptcy case must be complete, accurate, and truthful.

2.  All assets and liabilities must be completely and accurately disclosed, with the replacement value of each asset as defined in section 506 listed after reasonable inquiry to establish such value.

3.  Current monthly income, the amounts specified in the "means test" under section 707(b)(2), and disposable income in chapter 13 cases must be stated after reasonable inquiry.

4.  Information that you provide during your bankruptcy case may be audited, and the failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

B2000 (Form 2000) (04/16)

# UNITED STATES BANKRUPTCY COURT
## REQUIRED LISTS, SCHEDULES, STATEMENTS AND FEES
### Voluntary Chapter 7 Case

☐ **Filing fee of $245.** If the fee is to be paid in installments or the debtor requests a waiver of the fee, the debtor must be an individual and must file a signed application for court approval. Official Form 103A or 103B and Fed.R.Bankr.P. 1006(b), (c)

☐ **Administrative fee of $75 and trustee surcharge of $15.** If the debtor is an individual, and the court grants the debtor's request, these fees are payable in installments or may be waived.

☐ **Voluntary Petition for Individuals Filing for Bankruptcy** (Official Form 101); or **Voluntary Petition for Non-Individuals Filing for Bankruptcy** (Official Form 201); **Names and addresses of all creditors** of the debtor. Must be filed WITH the petition. Fed.R.Bankr.P. 1007(a)(1).

☐ **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 2010), if applicable. Required if the debtor is an individual with primarily consumer debts. The notice must be GIVEN to the debtor before the petition is filed. Certification that the notice has been given must be FILED with the petition or within 15 days. 11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 707(a)(3). Official Form 101 contains spaces for the certification.

☐ **Bankruptcy Petition Preparer's Notice, Declaration, and Signature** (Official Form 119). Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. § 1110(b)(2).

☐ **Statement About your Social Security Numbers** (Official Form 121). Required if the debtor is an individual. Must be submitted WITH the petition. Fed.R.Bankr.P. 1007(f).

☐ **Credit Counseling Requirement** (Official Form 101); **Certificate of Credit Counseling and Debt Repayment Plan**, if applicable; **Section 109(h)(3) certification or § 109(h)(4) reques**t, if applicable. If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14 days. If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition. Fed.R.Bankr.P. 1007(b)(3), (c).

☐ **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 2800). Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

☐ **Statement of Your Current Monthly Income** (Official Form 122A). Required if the debtor is an individual. Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Schedules of assets and liabilities** (Official Form 106 or 206). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Schedule of Executory Contracts and Unexpired Leases** (Schedule G of Official Form.106 or 206). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Schedules of Your Income and Your Expenses.** (Schedules I and J of Official Form 106) If the debtor is an individual, Schedules I and J of Official Form 106 must be filed with the petition or within 14 days. 11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☐ **Statement of financial affairs** (Official Form 107 or 207). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Copies of all payment advices or other evidence of payment** received by the debtor from any employer within 60 days before the filing of the petition. Required if the debtor is an individual. Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐ **Statement of intention for Individuals Filing Under Chapter 7** (Official Form 108). Required ONLY if the debtor is an individual and the schedules of assets and liabilities contain debts secured by property of the estate or personal property subject to an unexpired lease. Must be filed within 30 days or by the date set for the Section 341 meeting of creditors, whichever is earlier. 11 U.S.C. §§ 362(h) and 521(a)(2).

☐ **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 2030). Required if the debtor is represented by an attorney. Must be filed within 14 days or any other date set by the court. 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐ **Certification About a Financial Management Course** (Official Form 423), if applicable. Required if the debtor is an individual, unless the course provider has notified the court that the debtor has completed the course. Must be filed within 60 days of the first date set for the meeting of creditors. 11 U.S.C. § 727(a)(11) and Fed.R.Bankr.P. 1007(b)(7), (c).